In the Matter of MONARCH LIFE INSURANCE COMPANY, Petitioner, *v.* STATE TAX COMMISSION, Respondent.

Third Department, April 27, 1972.

*Olson, Sanford, Hatt & Forner (John F. Forner, Jr., of counsel), for petitioner.*

*Louis J. Lefkowitz, Attorney-General (Thomas P. Zolezzi and Ruth Kessler Toch of counsel), for respondent.*

REYNOLDS, J.   This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission.

On May 28, 1965 the Springfield Insurance Company, a Massachusetts corporation, merged, pursuant to Massachusetts law, into petitioner Monarch Life Insurance Company, another Massachusetts corporation.  As a result of the merger, petitioner, the surviving corporation, became vested by operation of law, with all of the assets of Springfield, including certain securities, which though physically located in Massachusetts, had New York State transfer agents.  Petitioner, thereafter, sent the stock certificates together with duly executed stock powers to the New York transfer agents with direction to issue new certificates in its name.  This the New York transfer agents refused to do without payment of the appropriate New York stock transfer taxes.  Petitioner made such payments and then filed a timely application with the respondent requesting a refund of the same.  The commission denied the application and the instant proceeding ensued.

Subdivision 1 of section 270 of the Tax Law imposes a tax upon sales, memoranda of sales, agreements to sell, deliveries and transfers of stock or other certificates in a domestic or foreign association, company or corporation, including transfers of record ownership on the books of the corporation or other entity issuing the stock or certificates, whether such sales, deliveries or transfers pass legal title, beneficial interest or merely possession or use of the stock or other certificates (20 NYCRR

440.1 [a] [g]). And if any one of the taxable events specified in section 270 occurs within this State, that is, if the sale, delivery or transfer of the stock or other certificates takes place in New York, the tax is payable (20 NYCRR 440.2). Transfer of record ownership undisputably took place in New York, and the question thus posed is whether such transfer passed legal title, beneficial interest, possession or use of the certificates of stock. While no court decisions covering this particular issue appear available, the Attorney-General in situations similar to the present one has consistently taken the position (1913 Opns. Atty. Gen. 373; and see, also, 1947 Opns. Atty. Gen. 289; 1944 Opns. Atty. Gen. 354; 1944 Opns. Atty. Gen. 364; 1944 Opns. Atty. Gen. 366): " if the contract or sale or transfer is made or effectuated within the State of New York, or if, as is often the case, the transfer on the books of the corporation is necessary to effectuate or render complete the transfer of title to the stock or is an essential prerequisite to the exercise of full ownership to the transferee, and such transfer is made within the State of New York, a tax is payable as provided for by section 270. If, on the other hand, the contract is made and executed without the State of New York and *nothing* is required to be done within the State to render complete the transfer of title to and beneficial ownership of the stock, the transaction is not subject to a tax *merely* because of the fact that a record of the transaction is kept [in this State] pursuant to the command of section 276." Thus since title to the securities automatically vested in the petitioner upon the merger under Massachusetts law (section 19A of chapter 175 of the General Laws of the Commonwealth of Massachusetts), unless it can be said that the transfer of the stock on the books of the respective corporations in New York was necessary to effectuate or render complete the transfer of title or was an essential prerequisite to the exercise of full ownership to the transferee, no tax should have been payable. It has consistently been held that the expression " legal title " as used in section 270 of the Tax Law signifies the appearance of title as distinguished from a full and complete title (*Travis* v. *Ann Arbor Co.,* 180 App. Div. 799, 801; *Bonbright & Co.* v. *State of New York,* 165 App. Div. 640) and pursuant to section 8-207 of the Uniform Commercial Code the issuer of stock is permitted to treat the registered owner as the person exclusively entitled to vote, to receive notifications and otherwise to exercise all the rights and powers of an owner until the stock or other certificate is duly presented for registration of transfer. Therefore, the transfer of the record ownership of the stock in

New York not only was necessary to effectuate or render complete the transfer of title to the stock but actually passed the " legal title " to the stock. Accordingly, the respondent properly determined that a stock transfer tax was payable.

Petitioner's argument that the respondent's position is violative of the constitutional mandate that each State must give full faith and credit to the laws of its sister States is without merit. The respondent's position does not, as petitioner contends, ignore Massachusetts law with respect to mergers. Rather, the respondent's position is that, even though under Massachusetts law the merger vested petitioner with the title to the securities involved by operation of law, there was a taxable transfer of title in this State (see *People ex rel. Hatch* v. *Reardon,* 184 N .Y. 431, 448).

The determination should be confirmed, with costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SIMONS, JJ., concur.

Determination confirmed, with costs.